UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
    :

**RAFAEL ANDRES RUBIO BOHORQUEZ**,
    :

            Petitioner,
    :

    :  **MEMORANDUM DECISION**

      – against –
      **AND ORDER**

    :

      26-CV-2053 (AMD)

**MARKWAYNE MULLIN, KENNETH**
    :
**GENALO, TODD BLANCHE,** and **RAUL**
    :
**MALDONADO**,

    :

            Respondents.
    :

    :

-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The petitioner filed this petition for a writ of habeas corpus on April 7, 2026, at 2:04 p.m. (ECF No. 1.) The government asserts that the Court does not have jurisdiction to consider the petition; the government concedes that the petitioner was detained in this district on April 7, 2026, but argues that the petitioner had been moved to New Jersey by the time counsel filed the petition. (ECF No. 6 at 7–10.) Thus, the government says, the Court should transfer the petition to the District of New Jersey. (*Id.*) The petitioner challenges the government's claim that he was in New Jersey when the petition was filed, and says that in any event, his last known location was in the Eastern District of New York when he filed the petition. (ECF No. 11.) Thus, his petition is properly before the Court pursuant to the "unknown custodian" exception to the district-of-confinement rule. (*Id.*)

To support its timing claim, the government filed a declaration from Abdul A. Uddin, Acting Supervisory Detention and Deportation Officer for ICE's Transportation and Removal Operations, who facilitates the transfer and removal of non-citizens to and from ICE detention

facilities. (ECF No. 6-2 ¶ 1.) Based on his "review of official ICE records, and records from Paragon Contractors, the contractor responsible for Petitioner's movements between April 6, 2026 and April 7, 2026," Mr. Udin concluded that the petitioner left the Metropolitan Detention Center ("MDC") in Brooklyn, New York via Paragon transport "at approximately 12:00 p.m." and arrived at Delaney Hall Detention Facility ("DHTF") in New Jersey "at approximately 1:00 p.m. according to communication with Paragon Contractors." (*Id.* ¶¶ 2, 8.) Attached to the declaration is an email from Rosney Singletary to Mr. Uddin and others, sent at 4:16 p.m. on April 7, 2026, that said "MDC (1M) Depart 1200. DHDF Arrived 1300." (*Id.* at 13.) Attached to the email is an "Official Detail" report for the transfer of 2 males from the MDC to DHDF on April 7, 2026; the spaces to report relevant time entries are blank. (*Id.* at 15.) The next page, a Form 1-216, Record of Persons Transferred on April 7, 2026, lists the petitioner and another detainee whose name is redacted, but does not include any information about the time of the petitioner's transfer. (*Id.* at 16–17.)

The Court finds that it has jurisdiction over the petition. For a court to "entertain a habeas petition," the petition must (1) "be filed in the district of confinement" and (2) "name the petitioner's immediate custodian." *Ozturk v. Hyde*, 136 F.4th 382, 390 (2d Cir. 2025). "As to the first question—when the district of confinement is determined—the only guidance the Supreme Court or the Second Circuit have provided is that the appropriate district is where the petitioner is present at the time of filing." *Flores-Linares v. Bondi*, No. 26-CV-298, 2026 WL 179208, at *2 (E.D.N.Y. Jan. 22, 2026). In *Ozturk,* the Second Circuit analyzed this by the minute and hour. *See Ozturk*, 136 F.4th 382, 390 ("ICE officers departed Somerville with Öztürk at 5:49pm. At 10:28pm . . . Öztürk arrived at an ICE field office in St. Albans, Vermont, where she spent the next six hours. At 4:00am on March 26, 2025, Öztürk was transported to the airport in

Burlington, Vermont and then to Louisiana, where she arrived at 2:35pm."). However, where this level of detail is unknown or disputed, some courts in this Circuit have applied the "unknown custodian" exception to the district of confinement requirement. Under that exception, "[w]here a custodian is unknown, a petitioner is permitted to rely on the reasonable information available and sue the ascertainable respondent, even if it later turns out to be erroneous." *Flores-Linares*, 2026 WL 179208, at *4. Thus, where there is an unknown district of confinement, the petitioner can "rely on the information available about the location of the petitioner on the *day* the petition is being filed." *Id.* (emphasis in original); *see also Valdes Acevedo v. Nassau Cnty. Corr. Ctr.*, No. 26-CV-250, 2026 WL 184645, at *2 (E.D.N.Y. Jan. 24, 2026) ("On these facts, Ms. Valdes Acevedo was held in an undisclosed location by an unknown custodian when the Petition was filed, making it impossible to determine the district of her confinement—the precise circumstances recognized to warrant application of what is known as the 'unknown-custodian exception' to the district-of-confinement rule."); *Tacuri ex rel. Guanoluisa v. Francis*, No. 25-CV-7012, 2025 WL 3459377, at *4 (S.D.N.Y. Dec. 2, 2025) (where the petitioner was in "an ICE Air Operations charter flight from Newark to El Paso" at the time the petition was filed, "habeas venue properly lies in the last-known location of detention at the time the Petition was filed, the Southern District of New York").

The "unknown-custodian exception" to the district-of-confinement rule is applicable here. According to the petitioner, he called his counsel from the MDC at 11:15 a.m. on April 7, 2026, and said he was being transferred. (ECF No. 8 ¶ 43.) At that point, counsel called the New York ICE field office, and was advised that the petitioner was being transferred to DHDF. (*Id.*) When counsel filed the petition at 2:06 p.m., the ICE Detainee Locator listed the petitioner's location as the MDC. (*Id.* ¶ 44.) It was not until 4:47 p.m. on April 7, 2026 — more

than two hours after counsel filed the petition — that the petitioner's counsel received an electronic notice that the petitioner had been transferred to DHDF. (*Id.* ¶ 45.) And at 5:15 p.m., ICE filed a Form I-830: Notice of [noncitizen] Address with the Immigration Court, listing the petitioner's address as DHTF. (*Id.*)

The government's evidence about when the petitioner was transferred is incomplete. There is no contemporaneous record showing when the petitioner was transferred from the MDC to DHDF. The government submits an email from Rosney Singletary to Mr. Uddin that purports to show an arrival time of 1:00 p.m., but it was sent more than three hours after the petitioner allegedly arrived at DHDF, and none of the other documents include the time of transfer. (ECF No. 6-2 at 13–17.) Moreover, Mr. Uddin concedes that these times are approximations. (*Id.* ¶ 8.)[1] According to the email, "1M" — one male — was transferred from the MDC to DHDF (*id.* at 13), but the other documentation says there were two males (*id.* at 15–17), which raises concerns about the overall accuracy of the reports. *See Flores-Linares*, 2026 WL 179208, at *4.

Under these circumstances, the Court cannot determine exactly when the petitioner was transferred from this district to the District of New Jersey. The petitioner's counsel reasonably concluded that the petitioner was still in this district when she filed the petition, and the government's evidence to the contrary is inconclusive. Thus, the Court has jurisdiction to hear the petition.

*Ozturk* does not compel a different result, because it was "undisputed that . . . Öztürk was not in the District of Massachusetts—she was already in Vermont" when her petition was filed. *Ozturk*, 136 F.4th at 391. Here, on the other hand, there is no definitive evidence about where

---

[1] The petitioner also notes that his transfer from DHDF to the MDC on April 6, 2026 took two and a half hours, while the transfer from the MDC to DHDF on April 7, 2026 purportedly took only one hour. (ECF No. 11 at 4; *see also* ECF No. 6-2 at 5, 13.)

the petitioner was when counsel filed the petition.  In short, the evidence is sufficient to show that the Court has jurisdiction.

## CONCLUSION

For these reasons, the Court finds that it has jurisdiction over the petition.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
   April 29, 2026